IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 26, 2001 Session

## DANIEL ED LOWE v. FAYTELLA D. LOWE

**Appeal from the Circuit Court for Bradley County**
**No. V-99-300     Lawrence H. Puckett, Judge**

**FILED MAY 30, 2001**

**No. E2000-01456-COA-R3-CV**

In this divorce case, the trial court dissolved a childless marriage of 5 1/2 years. Daniel Ed Lowe ("Husband") appeals, arguing that the trial court erred (1) in declaring the parties' antenuptial agreement void and (2) in granting Faytella D. Lowe ("Wife") half of the increase in value of Husband's retirement benefits accrued during the marriage. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

John W. Cleveland, Sweetwater, Tennessee, for the appellant, Daniel Ed Lowe.

Ashley L. Ownby, Cleveland, Tennessee, for the appellee, Faytella D. Lowe.

**OPINION**

I. *Background*

The parties were married on July 1, 1994. It was the third marriage for each of them. Prior to the marriage, the parties executed an antenuptial agreement, in which they agreed that the property owned by each at the time of marriage would remain separate property and that any property acquired during the marriage from sources other than from their separate property would be divided equally between the parties.

In February, 1999, Husband retired from his employment at Cleveland Utilities. He filed for divorce in April, 1999. The parties were divorced by entry of a judgment on January 24, 2000. The trial court awarded Wife a divorce on the ground of inappropriate marital conduct. Without assigning values to any of the property, the trial court found that the parties' personalty, Husband's

deferred compensation, the increase in value of Husband's retirement benefits during the course of the marriage, and an annuity account opened by Husband after his retirement were all marital property to be equally divided between the parties. The trial court further awarded Wife $750 in attorney's fees and declared the parties' antenuptial agreement to be void "due to the fact the Wife did not enter into the agreement knowingly and did not have proper notice of the Husband's retirement account prior to entering the antenuptial agreement." The trial court subsequently entered a qualified domestic relations order, directing the administrator of Husband's retirement plan to pay benefits to Wife equaling 50% of Husband's retirement benefits accrued during the parties' marriage. Husband filed a motion for a new trial, which was denied. This appeal followed.

## II. *Standard of Review*

Our review of this non-jury case is *de novo*; however, the record comes to us accompanied by a presumption of correctness that we must honor unless the evidence preponderates against the trial court's findings. Tenn. R. App. P. 13(d); ***Jahn v. Jahn,*** 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). No presumption attaches to the lower court's conclusions of law. ***Jahn,*** 932 S.W.2d at 941.

## III. *The Antenuptial Agreement*

We first turn to the parties' antenuptial agreement. Antenuptial agreements are enforceable in Tennessee if entered into "freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either spouse." T.C.A. § 36-3-501 (1996). To satisfy the knowledge element of this provision,

> the spouse seeking to enforce an antenuptial agreement must prove, by a preponderance of the evidence, either that a full and fair disclosure of the nature, extent, and value of his or her holdings was provided to the spouse seeking to avoid the agreement, or that disclosure was unnecessary because the spouse seeking to avoid the agreement had independent knowledge of the full nature, extent, and value of the proponent spouse's holdings.

***Randolph v. Randolph,*** 937 S.W.2d 815, 821 (Tenn. 1996). What constitutes a "full and fair disclosure" depends upon the circumstances of each case. ***Id.*** "While disclosure need not reveal precisely every asset owned by an individual spouse, at a minimum, full and fair disclosure requires that each contracting party be given a clear idea of the nature, extent, and value of the other party's property and resources." ***Id.***

According to the Statement of the Evidence, Husband intentionally and willfully failed to disclose to Wife the value of his retirement account prior to their marriage. Thus, it is clear there was no "full and fair disclosure" of the value of what appears from the record to be the largest asset in this case. Husband argues, however, that Wife had independent knowledge of his retirement benefits and, therefore, disclosure was not necessary. Specifically, he points to the fact that, prior

to the marriage, Wife knew he had been employed by Cleveland Utilities for over 20 years. He also cites the fact that he told Wife prior to the marriage that he had directed his attorney in a prior divorce to "just make sure my [previous] wife doesn't touch any of my retirement. I don't care what it costs me," or words to that effect. Finally, he argues that Wife had the advice of counsel before signing the antenuptial agreement.

The evidence does not preponderate against the trial court's finding that Wife did not enter into the agreement "knowledgeably." Knowing how long Husband had been employed and that he had made such a statement to prior counsel may have indicated to Wife that Husband had a retirement account, but we do not find that such information revealed to Wife the nature, extent, and value of that asset. Moreover, we do not find that Wife's consultation with the attorney who drafted the antenuptial agreement is dispositive of the issue. Consultation with counsel "is merely one factor relevant to the assessment of knowledge." *Randolph,* 937 S.W.2d at 822. In light of all the facts, we do not find that her consultation with an attorney is sufficient to establish Wife's knowledge by a preponderance of the evidence. Accordingly, we find that the evidence does not preponderate against the trial court's factual findings underpinning that court's deternation that the parties' antenuptial agreement is void.

## IV. *Husband's Retirement Benefits*

We next turn to the division of Husband's retirement benefits that accrued during the marriage. Husband argues that the judgment of divorce is not a "qualified domestic relations order" within the meaning of the anti-alienation provision of the Employee Retirement Income Security Act, 29 U.S.C. § 1056(d) (1999) ("ERISA"), and, so the argument goes, the award is invalid. Furthermore, he argues, the trial court erred in calculating the amount to which Wife is entitled.

According to the Statement of the Evidence, Husband worked for Cleveland Utilities, and participated in its retirement plan from October 1, 1965, until November 7, 1969. Husband cashed out his retirement benefits when he left this employment in 1969. Approximately two years later, Husband returned to work for Cleveland Utilities and participated in its retirement plan for the next 27 years. In August, 1997, he repurchased his retirements benefits for the years 1965 to 1969 for $7,294.18. Husband used $2,500 of marital funds to repurchase these benefits.

Husband retired in February, 1999, after 30 years of employment with Cleveland Utilities. Husband elected to draw his retirement without a survivor's benefit. Upon his election, the Cleveland Utilities plan administrator purchased an annuity to pay Husband's retirement benefits based on Husband's life expectancy. At the time of the parties' marriage, the value of Husband's retirement benefits was $97,730.54. At the time of Husband's retirement, the value of these benefits was $225,906.80.

There is no dispute that the retirement benefits that accrued during the marriage constitute marital property. *See* T.C.A. § 36-4-121(b)(1)(B) (1996) (defining "marital property" to include "the value of vested and unvested pension, vested and unvested stock option rights, retirement or other

fringe benefit rights relating to employment that accrued during the period of the marriage"). As marital property, Husband's retirement benefits were subject to an equitable division, even though Wife did not directly contribute to the increase in their value. *See **Cohen v. Cohen,*** 937 S.W.2d 823, 830 (Tenn. 1996); ***Kendrick v. Kendrick,*** 902 S.W.2d 918, 926 (Tenn. Ct. App. 1994). The division of marital property must be done in accordance with the statutory factors set forth in T.C.A. § 36-4-121(c). "[A]n equitable property division is not necessarily an equal one. It is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." ***Batson v. Batson,*** 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). A trial court has wide discretion in fashioning an equitable division of marital property, and we will defer to the trial court's decision unless it is inconsistent with the statutory factors or is unsupported by the preponderance of the evidence. ***Brown v. Brown,*** 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994).

Husband argues that the judgment of divorce is not a qualified domestic relations order; thus, so the argument goes, the award of benefits to Wife must fail. Husband may indeed be correct that the judgment of divorce does not meet the statutory criteria of a qualified domestic relations order. However, the judgment of divorce does not purport to be such an order. Moreover, we note that a qualified domestic relations order was entered in this case subsequent to the judgment of divorce. Husband does not contend that this subsequent order fails to meet the statutory requirements of ERISA. Thus, we must conclude that Husband's argument has no merit.

We further find no merit in Husband's argument that the trial court erred in its calculation of the amount of benefits to which Wife is entitled. Upon reviewing the record, we cannot say that the trial court abused its discretion in awarding Wife 50% of the increase of Husband's retirement benefits during the marriage. This issue is also found adverse to Husband.

## V. *Conclusion*

The judgment of the trial court is affirmed. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Daniel Ed Lowe.

_____
CHARLES D. SUSANO, JR., JUDGE

-4-